**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA ex rel.**
**ROXANNE PERKINS,**

    **Plaintiff,**

v.                                                                                  **Case No.: 8:12-cv-2032-T-30AAS**

**WELLCARE HEALTH PLANS, INC.,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

On October 4, 2016, the Court granted leave for counsel for Plaintiff to withdraw, temporarily stayed the case, and gave Plaintiff Roxanne Perkins ("Plaintiff") thirty (30) days to retain new counsel or be deemed to proceed in this case *pro se*. (Doc. 83). The Court also ordered Plaintiff to appear in person at a status conference, which was held on November 9, 2016.

At the status conference, Plaintiff stated that she did not desire to proceed *pro se* and moved orally to dismiss the case without prejudice.

Rule 41(a) of the Federal Rules of Civil Procedure governs the voluntary dismissal of actions in this Court. Rule 41 provides that a plaintiff may voluntarily dismiss an action without a court order "by filing: . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim . . . , the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Further,

1

"[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*

The Court has broad discretion in determining whether to allow voluntary dismissal, and the Court should grant voluntary dismissal unless the defendant will suffer clear legal prejudice. *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). Such prejudice must be something other "then [sic] the mere prospect of a subsequent lawsuit." *Id.* (quotation marks and citation omitted). The Court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1256. Factors to be considered include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Peterson v. Comenity Capital Bank*, No. 6:14-cv-614-Orl-41TBS, 2016 WL 3675457, at *1 (M.D. Fla. May 3, 2016) (quoting *Pezold Air Charters v. Phoenix Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000)).

Here, the case has surpassed the pleadings stage and the parties have not stipulated to dismissal. Accordingly, Plaintiff's request properly falls under Rule 41(a)(2). Although Defendant Wellcare Health Plans, Inc. ("Defendant"), argued that dismissal without prejudice would work significant hardship on Defendant, as the case has been pending since 2012, review of the case record does not demonstrate excessive delay or lack of diligence. Moreover, the deadline for summary judgment motions remains more than four (4) months away, trial is set for more than a year from this date, and Defendant has filed no counterclaim in this case.

Accordingly and upon consideration, it is **RECOMMENDED** that Plaintiff's Oral Motion to Dismiss the Case Without Prejudice (Doc. 89) be **GRANTED** and the case be dismissed without prejudice, pursuant to Rule 41(a)(2), Fed. R. Civ. P.

**Date:** November 10, 2016.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Party
Counsel of Record
District Judge